## City of De Kalb v. Sarah J. Ashley.

1. MUNICIPAL CORPORATIONS—*Defective Sidewalks—Constructive Notice.*—Where a sidewalk has become old and out of repair, and has so remained for a time long enough for the municipal authorities to have learned of its condition with reasonable diligence, they will be chargeable with constructive notice.

2. NEW TRIAL—*Newly Discovered Evidence.*—It is not error to refuse a motion for a new trial upon the ground of newly discovered evidence, when such evidence is merely cumulative.

3. EXCESSIVE DAMAGES—*When $3,000 is Not.*—Where the plaintiff was a strong, hearty, healthy woman before the injury, and a physical wreck afterward, $3,000 is not excessive.

**Trespass on the Case**, for personal injuries. Appeal from the Circuit Court of DeKalb County; the Hon. HENRY B. WILLIS, Judge, presiding. Heard in this court at the May term, 1895. Affirmed. Opinion filed December 10, 1895.

W. L. POND and CARNES & DUNTON, attorneys for appellant.

JONES & ROGERS, attorneys for appellee.

MR. JUSTICE LACEY DELIVERED THE OPINION OF THE COURT.

This was an action on the case for alleged damages resulting from the fall of appellee on an alleged defective sidewalk of the appellant. The accident occurred on October 17, 1893. The cause was tried by a jury on the declaration and plea of the general issue resulting in a verdict and judgment in favor of appellee for $3,000. The motion for a new trial by appellant was overruled and it appealed to this court. Two grounds only are assigned for error, first, that there was no negligence on the part of the appellant contributing to the injury, and no notice either actual or constructive to it of the defect in the sidewalk where the injury occurred; second, that the alleged disorders of the appellee are largely feigned and that the damages are grossly excessive. The points together amount to a claim on part of appellant,

that the evidence was insufficient to support the verdict. There is no complaint of any instructions being given or modified by the court to the injury of the appellant.

The only testimony in regard to the bad condition of the sidewalk, on the part of the appellee, was given by the witnesses G. D. Bently, Horace Root, L. A. Malonee and Jacob Jacobson, and to refute it on the part of the appellant was the testimony of Thomas J. Adams, the street commissioner. The testimony of the witnesses for the appellee, showed that the accident occurred at the intersection of Main and Eighth streets, on the east side of Eighth and south side of Main street. The fall occurred by reason of the daughter of appellee, while they were walking along on the sidewalk, stepping on the end of a loose board, causing the other end to fly up and hit appellee and trip her, when she fell partly on her left side and knees on the sidewalk, and being a portly, heavy woman, she was badly shocked—was unable for a time to speak or raise up. The evidence tended to show that appellee's injuries are permanent; that she is partially helpless, unable to use her left arm and hands, and also unable to use her leg from her left side, except she could perform some movement with it; and could not articulate distinctly; that there was paralysis, attributable to the fall on the sidewalk; that those conditions will, to a considerable degree, be permanent; that appellee had artritis of the hip joint, i. e., inflammation of the ligament or membrane, painful, and affects the joint, and is liable to be permanent. There is some evidence tending to show that these conditions were feigned by the appellee for the purpose of enhancing damages against the appellant.

It is insisted that the sidewalk where the accident occurred was in good condition, except the loose board that tripped the appellee, and as to that, the city had no notice of its being loose in time to repair it before the appellee was injured. The evidence tended strongly to show, however, that the entire sidewalk, being a board sidewalk, nailed on stringers in the usual way, from Seventh to Ninth streets, including the place where the accident occurred, was badly

out of repair by the boards being loose, and had been for some time, and long enough with reasonable diligence on the part of the appellant to have repaired it and kept it in repair. The evidence tended to show that within a few months prior to this accident at least 200 boards had come loose in that sidewalk, and had been nailed down; that loose boards being on it, was a frequent occurrence, indicating that the stringers were too much decayed to hold nails, and, in fact, that the city had actual knowledge of it, and at one time was actually preparing to put in a new sidewalk.

Under this state of the evidence, although slightly contradicted by Adams, the street commissioner, we think the jury was fully justified in finding, from the evidence, that the sidewalk was badly out of repair and dangerous, and that the city had notice of it, or should have had notice of it, with reasonable care.

On the question of the feigning of the injury by the appellee, we find there is some evidence tending to show it, and to show that the injuries were to some extent feigned by her for the purpose of enhancing damages.

We think, however, that the greater weight and preponderance of the evidence is that they were not feigned, and that the verdict was justified in this particular.

It will not be necessary for us to examine the evidence in detail, either as to the condition of the sidewalk or the question of feigning. It is contradictory to some extent, and it was for the jury to judge of it and determine those questions.

A motion was made by appellant for a new trial, on the ground of newly discovered evidence, to wit, the affidavit of one Brooks, to the effect that, after the verdict was returned by the jury, and on the appellee's hearing of the news of the verdict, she so far forgot herself as to articulate loudly and distinctly the sounds that she insisted on the trial that she could not produce, and to rejoice in the prospect of again getting out; and it is also insisted that the court erred in not striking the counter-affidavits denying those charges from the files. We think there was no

error in this, detrimental to appellant; the affidavit of Brooks in itself was not sufficient in its showing to authorize the court to grant a new trial. The new evidence was but cumulative, and by no means conclusive, and the appellee's affidavits were not necessary. There was no error in the action of the court in overruling the motion for a new trial. The damages, if appellee was as badly injured as her testimony tended to show, were not excessive. She was a strong, healthy, hearty woman before the injury, and a physical wreck afterward.

The judgment of the court below is affirmed.